UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 4:14-CV-63 RLW |
| v. | ) ) ) | |
| ABILITY BUILDING & RESTORATION, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Contempt (ECF No. 31), filed on January 28, 2015. Plaintiffs' Motion is accompanied by an affidavit of counsel.

**Background**

Plaintiffs filed this action under Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132. The Complaint asserted that Defendant Ability Building & Restoration, LLC was bound by the terms of collective bargaining agreements, which require monthly payments to Welfare, Pensions, and Training Funds, which are employee benefit plans within the meaning of ERISA. Plaintiffs alleged that Defendant failed to submit its reports and to pay its contributions for the months of June through December 2011 and September through December 2014. Plaintiffs requested a financial examination for the period of December 22, 2010 to date and that they are entitled to interest, liquidated damages, costs, accounting fees, and reasonable attorneys' fees. On October 7, 2014,

this Court entered an order granting Plaintiffs' Motion for a Default Judgment in the amount of $43,385.51, including attorneys' fees, accounting fees, and costs.

On December 11, 2014, the Court granted Plaintiffs' Motion to Compel Kayla Mays-Adkins, representative for Ability Building & Restoration, LLC, to appear for a post-judgment deposition and produce records requested in Plaintiffs' Notice of Deposition at the offices of Plaintiffs' counsel on January 7, 2015 at 10:00 a.m. (ECF No. 30). Plaintiffs previously scheduled Ms. Mays-Adkins' deposition on December 2, 2014 at 10:30 a.m. but she failed to appear.

On January 28, 2015, Plaintiffs filed a Motion for Contempt stating that Ms. Mays-Adkins had failed to appear for her post-judgment deposition. (ECF No. 31). Plaintiffs requested a monetary compliance fine of $200.00 for each day of Defendant's non-compliance, as well as Plaintiffs' attorneys' fees and costs incurred in bringing the Motion for Contempt. On January 28, 2015, the Court entered a show cause order for Ms. Mays-Adkins to respond to the Motion for Contempt no later than Friday, February 6, 2015. (ECF No. 33). The Court has not received any response from Ms. Mays-Adkins or Defendant.

**Discussion**

Courts have authority to award sanctions for contempt in ERISA collection cases where the Defendant and/or its representative fails to participate in discovery for purposes of determining the amount of liability for unpaid fringe benefit contributions. *Greater St. Louis Const. Laborers Welfare Fund v. Marshall Contracting, LLC*, 2012 WL 4759772, at *1 (E.D. Mo. Oct. 5, 2012) (citing *Greater St. Louis Construction Laborers Welfare Fund v. Aura Contracting, LLC*, 2012 WL 2684864, at *1 (E.D. Mo. July 6, 2012)). Appropriate sanctions include monetary fines and the issuance of a writ of body attachment for incarceration until the

contempt is purged. *Id.*(citing *Fischer v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir.1975) (fines); *Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC*, 2011 WL 3891870, *1 (E.D. Mo. Sept. 1, 2011) (body attachment)). In addition, the issuance of an order of contempt, pursuant to Federal Rule of Civil Procedure 45(e) may include, pursuant to Federal Rule of Civil Procedure 37(b), sanctions such as attorney's fees and costs. *Marshall Contracting*, 2012 WL 4759772, at *1. A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. *Id.* The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. *Greater St. Louis Construction Laborers Welfare Fund v. Hance Excavating, LLC*, 2008 WL 544718, at *2 (E.D. Mo. February 26, 2008) (citations omitted).

Courts in this district have previously imposed compliance fines in ERISA delinquency collection cases and ordered a defendant to reimburse the plaintiffs for attorneys' fees incurred in attempting to compel compliance with a Court order. *See, e.g., Marshall Contracting*, 2012 WL 4759772, at *1 (and cases cited therein); *Greater St. Louis Const. Laborers Welfare Fund v. Town & Country Masonry & Tuckpointing, LLC*, No. 4:13-CV-696-JAR, 2013 WL 5436645, at *1 (E.D. Mo. Sept. 27, 2013)($200 per day fine). Incarceration has also been used to compel compliance with Court orders in the context of ERISA delinquency actions. *See, e.g., Paragon Painting*, 2011 WL 3891870, at *1; *Greater St. Louis Construction Laborers Welfare Fund v. Marvin Steele Enters.*, No. 4:96–CV–1073 ERW, at *1 (E.D. Mo. Mar. 21, 1997) (ordering that a bench warrant issue for the arrest of the individual defendants). In addition, Courts in this District have imposed contempt sanctions on a corporation's officer who failed to participate in post-judgment discovery in an ERISA delinquency action. *See, e.g., Carpenters' District Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc.*, No. 4:07–CV–00061 CAS, at *2

(E.D. Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president).

Here, it is undisputed that Ability Building & Restoration, LLC's representative, Ms. Mays-Adkins, did not appear for her deposition or produce records as ordered. At this point, the burden shifts to Defendant Ability Building & Restoration, LLC and Ms. Mays-Adkins to show an inability to comply with the Court's order. *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). The Court will give Ms. Mays-Adkins and Defendant one more opportunity to comply with this Court's Order and to provide the requested documentation to Plaintiffs' counsel, or to show that such compliance is not possible. The Court will set a hearing on Plaintiffs' Motion for Contempt. Ms. Mays-Adkins, or another designated representative from Defendant, shall appear on March 4, 2015 and shall provide the documentation requested by Plaintiffs' counsel in their Notice of Deposition. *See* Notice of Deposition, ECF No. 28-2.

Accordingly,

**IT IS HEREBY ORDERED** that a hearing is set for **Wednesday, March 4, 2015** at **11:00 a.m.** in **Courtroom 10S of the Thomas F. Eagleton United States Courthouse,** at which Defendant Ability Building & Restoration, LLC and its representative Ms. Mays-Adkins may show cause why civil contempt sanctions should not be imposed against them for failure to comply with this Court's Orders of December 11, 2014 and January 28, 2015. Because incarceration is a possible civil contempt sanction, Ms. Mays-Adkins has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Ms. Mays-Adkins to arrest by the United States Marshals Service.

**IT IS FURTHER ORDERED** that Ms. Mays-Adkins shall bring with her to the hearing on March 4, 2015 all of the documents and records listed in Plaintiffs' Notice of Deposition (ECF No. 28-2).

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to serve Kayla Mays-Adkins, representative of Ability Building & Restoration, LLC, 5857 Julian, St. Louis, MO 63122 with this Memorandum and Order, Plaintiffs' Motion for Contempt [ECF No. 31], Memorandum in Support of Motion for Contempt [ECF No. 32], Plaintiffs' Motion to Compel [ECF No. 28], and Plaintiffs' Memorandum in Support of their Motion to Compel [ECF No. 29],

Dated this 12th day of February, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**